OPINION
{¶ 1} Defendant-appellant/cross-appellee, Travelers Indemnity Company of Illinois (Travelers), appeals a decision of the Mahoning County Common Pleas Court granting partial summary judgment in a declaratory judgment action in favor of plaintiffs-appellees/cross-appellants, Thomas J. Biroschak, Sr., et al. ("Biroschaks"). The court held that the Biroschaks were entitled to underinsured motorists ("UIM") coverage under an excess umbrella liability policy issued by Travelers. The Biroschaks cross-appeal the portion of the court's decision awarding partial summary judgment in favor of Travelers in which the court found that the Biroschaks were not entitled to UIM coverage under the four underlying commercial general liability ("CGL") policies.
 {¶ 2} On November 21, 1999, Katherine Biroschak was a passenger in her own car driven by Robert Lynn. As a result of Lynn's negligence, the car was involved in a collision and Katherine died from her injuries. At the time of the accident, Katherine was employed part-time at Pappan's Family Restaurant in Columbiana, Ohio. Pappan's had five policies of insurance with Travelers — an excess liability umbrella policy and four underlying commercial general liability policies.
 {¶ 3} On March 23, 2001, Katherine's sister, Juliane Biroschak, and Thomas Biroschak, Sr., administrator of Katherine's estate, made a claim in this declaratory judgment action against Travelers seeking UIM coverage. The Biroschaks sought coverage under the Travelers' policies pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 710 N.E.2d 1116. Both parties filed cross-motions for summary judgment. On March 5, 2003, the trial court granted the Biroschaks' motion for summary judgment with respect to the umbrella liability policy finding that they were entitled to UIM coverage under the policy by operation of law. The trial court granted Travelers' motion for summary judgment with respect to the underlying CGL policies finding that they were not motor vehicle policies of insurance subject to the requirements of Ohio's uninsured/underinsured motorist coverage statute. This appeal followed.
 {¶ 4} On November 18, 2003, this court instructed the parties to file any supplemental authority as to why this case should or should not be disposed of based on the Ohio Supreme Court's ruling in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256. Both Travelers and the Biroschacks filed supplemental authority on December 2, 2003, and December 9, 2003, respectively. On December 15, 2003, this court issued a judgment entry indicating that oral argument would be considered waived unless a request was filed within ten days. No request having been made, this matter comes for consideration upon the record in the trial court, the parties' briefs and supplemental authority filed.
 {¶ 5} Travelers' sole assignment of error states:
 {¶ 6} "The trial court erred in granting in part plaintiff's motion for summary judgment and in declaring that plaintiffs are entitled to underinsured motorist coverage under the commercial excess liability policy issued by defendant travelers indemnity company of illinois."
 {¶ 7} The Biroschaks' sole assignment of error states:
 {¶ 8} "The trial court erred in granting in part defendant/cross appellee travelers indemnity company's motion for summary judgment, declaring that plaintiffs/cross-appellants are not entitled to underinsured motorist coverage under the Commercial Insurance Policy, Policy No. I-680-819C474-7-TIL-99."
 {¶ 9} In Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256, the Ohio Supreme Court limited the Scott-Pontzer holding at paragraph two of the syllabus:
 {¶ 10} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."
 {¶ 11} In this case, Katherine Biroschak was not acting within the course and scope of her employment at the time of the accident. (Travelers' brief, p. 7.) Therefore, the trial court's judgment with respect to the umbrella liability policy is reversed and judgment entered for defendant-appellant, Travelers Indemnity Company of Illinois. The trial court's judgment with respect to the underlying CGL policies is affirmed.
Waite, P.J., and DeGenaro, J., concur.